United States District Court
Southern District of Texas
**ENTERED**
June 25, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MANUEL Z. H[1],<br>Petitioner, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 1:26-cv-538 |
| MARKWAYNE MULLIN, *et al.*,<br>Respondents. | §<br>§<br>§ | |

## AMENDED REPORT AND RECOMMENDATION

Before the Court is Petitioner's "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241" (Dkt. No. 1), Respondents' "Response to the Petition and Motion to Dismiss or Alternatively for Summary Judgment" (Dkt. No. 8), and Respondents' "Supplement to Motion to Dismiss" (Dkt. No. 12). For the reasons below, it is recommended the Court deny Petitioner's Habeas Petition and grant Respondent's Motion to Dismiss.

Petitioner Manuel Z. H. is currently detained by Immigration and Customs Enforcement ("ICE") at the El Valle Detention Center in Willacy County, Texas. Petitioner bases his habeas action on the Due Process Clause of the Fifth Amendment and under 8 U.S.C. § 1225.

Petitioner is a Mexican national who entered the United States with his parents in 1995. Dkt. No. 1 at 5. On November 30, 2025, Petitioner was taken into ICE custody, and he has been in ICE custody since then. Dkt. No. 1 at 5.[2] On May 21, 2026, an IJ ordered Petitioner removed to Mexico. Dkt. No. 12-6.

Petitioner is detainable under 8 U.S.C. § 1225(b)(2), *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026), and, as pleaded, Petitioner's constitutional claims are not viable. Detention "during removal proceedings," even where such detention is without a

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.
[2] Petitioner was taken into custody after he was arrested by the McAllen Police Department and charged with assault causing bodily injury to a family member. Dkt. No. 1 at 5-6.

bond hearing, is generally a "constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510, 531 (2003). While the Court has acknowledged the possibility of instances where such detention could strain constitutional limits, *see, e.g.*, *id.* at 532 (Kennedy, J., concurring), Petitioner has not raised that family of issues in this Petition, *see* Dkt. No. 1 at 12-13.

It is **RECOMMENDED** the Court

(1) GRANT the instant Petition (Dkt. No. 1),

(2) MOOT the Government's Motion to Dismiss or Alternatively for Summary Judgment (Dkt. No. 8), and

(3) DIRECT the Clerk of Court to close this matter.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to the instant case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Signed on June 25, 2026.

Karen Betancourt

Karen Betancourt
United States Magistrate Judge